IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| RODNEY PHILLIPS, ) | CIVIL ACTION NO.:2:25-cv-12729-DCN |
| Plaintiff, ) ) ) | |
| -vs- ) ) | |
| C.K.S. PACKAGING, INC., ) ) ) | **DEFENDANT C.K.S. PACKAGING, INC.'S RULE26(A)(1) DISCLOSURES** |
| Defendant. ) ) ) | |

TO: JAMES G. BIGGART, II AND COOPER KLAASMEYER, ESQUIRE, ATTORNEY FOR PLAINTIFF:

The Defendant(s) above named, answering Interrogatories pursuant to Rule 26(a)(1) of the Rules of Federal Procedure, states as follows:

A. **The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information**.

ANSWER:   1)   Rodney Phillips
4889 Nesbit Avenue
North Charleston, SC 29405

Mr. Phillips is the Plaintiff in this action.  He is expected to testify as to the facts and circumstances surrounding the motor vehicle accident that is the subject of this lawsuit including, but not limited to, any damages claimed as a result thereof.

    2)    Shawn Dwayne Gore
          310 Newbrook Drive
          Charleston, SC 29492

Mr. Gore is a former employee of the Defendant in this action and was the operator of the tractor and trailer that was owned and/or rented by CKS Packaging, Inc. Mr. Gore is expected to testify regarding his knowledge of the facts and circumstances surrounding the subject accident.

    3)    Representative of C.K.S. Packaging, Inc.
          Bill Grande
          Ray Smith
          350 Great Southwest Parkway
          Atlanta, GA 30336

A representative of C.K.S. Packaging, Inc. is expected to testify as to the facts and circumstances surrounding the accident that is the subject matter of this lawsuit. A representative of the Defendant is also expected to testify as to the policies and procedures of the Defendant Corporation, the relationship with their former employee, Shawn Gore, ownership of the involved vehicle, lease agreements with third parties, training and hiring guidelines, and any other subjects that may relate to this lawsuit.

    4)    Representative of Salem Leasing Corporation
          175 Charlots Blvd.
          Winston-Salem, NC 27103

A Representative of Salem Leasing Corporation is expected to testify as to the ownership and leasing of the subject tractor trailer that was being operated by a C.K.S. Packaging employee on the date of the accident.

    5)    Officer FJ Durant
          Investigating Officer
          Current address unknown

          Corporal Fred Durant was the investigating officer for the subject accident, and is expected to testify regarding his knowledge of the facts and circumstances surrounding his investigation of the subject accident.

6) Any and all medical providers that treated the Plaintiff as a result of alleged injuries from this accident.

7) Any and all medical providers that treated the Plaintiff prior to this accident

8) Any and all witnesses named in the Plaintiff's Initial Disclosures and that are to be named during the normal course of discovery in this case.

        9) Any and all employers of the Plaintiff, including, but not limited to Wal-Mart

B. **A copy of or description by category and location, of all documents, data compilations, and tangible things that are in the possession, custody or control of the party and the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

ANSWER:

    1) Copy of Uniform Traffic Collision Report (3 pages)
    2) Employment file of Shawn Gore
    3) Repair Estimates
    4) Photographs of Plaintiff's Vechile
    5) Insurance Policy Documentation
    6) Plaintiff's Social Media Report
    7) Liens against Plaintiff
    8) Child Support Orders
    9) Specimen Result Certificate for Shawn Gore
    10) Plaintiff's Medical Records from MUSC Storm Eye Center
    11) Plaintiff's Medical Records from Roper Hospital
    12) The Defendant intends to supplement this list through the course of regular discovery as additional information becomes available.

C. **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the document or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

ANSWER:   Not applicable to Defendant C.K.S. Packaging, Inc., as Defendant C.K.S. Packaging, Inc. asserts no claim for damages in this action.

D. **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgement which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

ANSWER:   Counsel for C.K.S. Packaging, Inc. has requested that a copy of the entire policy with Sentry Insurance, along with the declarations page and any other documents relative to the coverage of the vehicle, including any lease agreements with Salem.  The Defendant is insured with Sentry Insurance Company and has a policy number of A0184881001

**E.  Reservation and Supplementation**

    These disclosures are made based on information reasonably available as of the date below and are not intended as a waiver of any attorney-client privilege, work-product protection, or other applicable privilege. Plaintiff expressly reserves the right to supplement or amend these disclosures as required by Rule 26(e) and the Court's Scheduling Order.

                        HOWELL, GIBSON & HUGHES, P.A.

                        By: s/Thomas A. Bendle, Jr.
                        Thomas A. Bendle, Jr.
                        Howell, Gibson, & Hughes
                        P.O. Box 40
                        Beaufort, SC  29901
                        (843) 522-2400
                        Federal Bar No: 7907
                        Attorney for Defendants

Beaufort, South Carolina

March 12, 2026